The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Scott C. McNALLY, Defendant–Appellant.

No. 04CA1654.

Colorado Court of Appeals,
Div. IV.

Dec. 1, 2005.

Rehearing Denied Feb. 16, 2006.

Certiorari Denied Oct. 2, 2006.*

§ 24–51–1105, C.R.S.2005.

* Justice EID does not participate.

John W. Suthers, Attorney General, Matthew D. Grove, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Esteban Martinez, Northglenn, Colorado, for Defendant–Appellant.

RUSSEL, J.

Defendant, Scott C. McNally, appeals the sentence imposed in connection with his theft conviction and adjudication as an habitual criminal. We affirm.

### I. Background

McNally was charged with theft under § 18–4–401(2)(c), C.R.S.2005. The prosecution later added habitual criminal charges.

Evidence at trial indicated that McNally received a $1000 deposit to perform drywall and insulation work. Although the victim repeatedly asked him to perform the work, McNally made excuses, retained the deposit, and failed to perform. The jury found McNally guilty of theft.

After trial, the trial court heard evidence on the habitual criminal charges. The prosecution proved that McNally had three prior felony convictions: (1) a 1989 conviction for second degree burglary; (2) a 1990 conviction for attempted second degree burglary; and (3) a 1990 conviction for attempted escape. Because McNally's underlying conviction was a class four felony, *see* § 18–4–401(2)(c), the court was required to impose a sentence of twenty-four years. *See* § 18–

1.3–401(1)(a)(V)(A), C.R.S.2005 (maximum presumptive range for a class four felony is six years); § 18–1.3–801(2), C.R.S.2005 (person who has three prior felony convictions shall be sentenced to a term of four times the maximum presumptive range sentence).

McNally argued that a twenty-four-year sentence was unconstitutionally disproportionate under the Eighth Amendment because his conviction stemmed from a commercial dispute and because his prior convictions were not sufficiently grave and serious. The trial court ruled that the sentence was not disproportionate.

McNally then filed this appeal.

### II. Proportionality of Sentence

McNally contends that he is entitled to an extended proportionality review to determine whether his sentence violates the Eighth Amendment. We disagree.

#### A. General Principles

The Cruel and Unusual Punishments Clause of the Eighth Amendment contains a narrow proportionality guarantee that "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S.Ct. 2680, 2705, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring); *see also People v. Deroulet*, 48 P.3d 520, 524 (Colo.2002).

When a defendant challenges the constitutional proportionality of his sentence, the reviewing court must conduct an abbreviated proportionality review. This requires the court to compare the gravity of the offense to the severity of the punishment. If this threshold comparison yields no inference of gross disproportionality, the court need inquire no further. *Close v. People*, 48 P.3d 528, 536 (Colo.2002).

If the abbreviated review yields an inference of gross disproportionality, the reviewing court must then conduct an extended proportionality review. This requires the court to compare the defendant's sentence to sentences imposed on those who committed the same crime, both in this jurisdiction and

in other jurisdictions. *People v. Deroulet, supra.*

"[I]n almost every case, the abbreviated proportionality review will result in a finding that the sentence is constitutionally proportionate, thereby preserving the primacy of the General Assembly in crafting sentencing schemes." *People v. Deroulet, supra,* 48 P.3d at 526.

■ Whether a comparison of the offense and sentence yields an inference of gross disproportionality is a question of law. Consequently, we review the trial court's ruling de novo. *People v. Patnode,* 126 P.3d 249, 2005 WL 1903799 (Colo.App. No. 03CA1072, Aug. 11, 2005).

### B. Abbreviated Review

We conduct our own abbreviated proportionality review and conclude that a threshold comparison of McNally's offense and sentence imposed yields no inference of gross disproportionality.

### 1. Seriousness of Offense

■ "When conducting an abbreviated proportionality review, a court must scrutinize all the offenses in question to determine whether in combination they are so lacking in gravity or seriousness as to suggest the habitual criminal sentence is grossly disproportionate." *People v. Patnode, supra,* 126 P.3d at 260.

McNally's triggering offense is theft of property worth $500 or more but less than $15,000. This is a class four felony under § 18–4–401(2)(c).

At least two of McNally's prior offenses— second degree burglary and attempted second degree burglary—are crimes that have been characterized as "grave or serious" for purposes of proportionality analysis. *See People v. Deroulet, supra,* 48 P.3d at 524 (burglary is a grave and serious crime per se); *Close v. People, supra,* 48 P.3d at 538 (attempted burglary is grave or serious).

### 2. Severity of Sentence

McNally received a sentence of twenty-four years in prison. Although this is a lengthy sentence, it is decidedly less severe than a life sentence or an indeterminate sentence because (1) it is for a definite period that will conclude under its own terms, and (2) it is subject to a parole scheme that may result in early release. *Cf. Solem v. Helm,* 463 U.S. 277, 297, 103 S.Ct. 3001, 3013, 77 L.Ed.2d 637 (1983) (life sentence without possibility of parole is far more severe than life sentence with likelihood of parole).

### 3. Comparison

■ Under the governing precedents, McNally's sentence yields no inference of gross disproportionality. Two recent Supreme Court cases provide the necessary guidance.

In *Ewing v. California,* 538 U.S. 11, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003), the defendant was convicted of theft of property worth approximately $1,200 and had previously been convicted of at least two serious felonies, including robbery and residential burglary. The defendant was sentenced to an indeterminate term of twenty-five years to life under California's "three strikes" statute. On review, the Supreme Court concluded that the situation yielded no inference of gross disproportionality.

Similarly, in *Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), the defendant was convicted of two counts of petty theft of videotapes worth a total of $150 and had at least two prior serious felonies. Although the defendant was sentenced to *consecutive* terms of twenty-five years to life under California's statute, the Supreme Court found no violation of the Eighth Amendment.

If there was no constitutional disproportionality in *Ewing v. California* or *Lockyer v. Andrade,* there is no disproportionality here. McNally's offense is similar to the offenses in *Ewing* and *Andrade* (because his triggering offense is a nonserious property crime and his prior convictions include serious offenses), and his sentence is considerably less severe. *See also Hutto v. Davis,* 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) (per curiam) (no violation where two consecutive terms of twenty years in prison were imposed for possession with intent to distribute

nine ounces of marijuana and distribution of marijuana).

We recognize that McNally's sentence is severe. But we are not being asked to suggest improvements in the sentencing statutes or opine about the wisdom of prosecutors' charging decisions. Our task is to decide whether this sentence yields an inference of gross disproportionality under the governing precedents. We conclude that it does not.

### C. Right to Trial

■ McNally contends that the trial court's proportionality analysis was infected with error because the court said that it would evaluate McNally's situation "in the context of people that go to trial and lose at trial."

■ We agree that, when evaluating the proportionality of a sentence, it is irrelevant whether the defendant exercised his right to trial. But we do not necessarily agree that the court considered this irrelevant information when it reviewed McNally's sentence. The record indicates that the court had concluded its analysis and announced its ruling before commenting on McNally's decision to go to trial.

In any event, we have conducted our own abbreviated proportionality review of McNally's sentence and find no inference of gross disproportionality. Accordingly, any error in the trial court's analysis is harmless beyond a reasonable doubt.

The sentence is affirmed.

Judge ROY and Judge CARPARELLI concur.