The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

**Stanley W. REESE, Defendant–Appellant.**

No. 04CA2488.

Colorado Court of Appeals, Div. II.

Aug. 24, 2006.

John W. Suthers, Attorney General, Paul Koehler, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Law Firm of Douglas S. Joffe, Antony M. Noble, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

Defendant, Stanley W. Reese, appeals the trial court order denying his motion for post-conviction relief pursuant to Crim. P. 35(c). We affirm.

## I.

Following a jury trial, defendant was convicted of second degree burglary, § 18–4–203, C.R.S.2005; theft, § 18–4–401, C.R.S. 2005; and criminal mischief, § 18–4–501, C.R.S.2005. He was adjudicated as an habitual criminal and sentenced to forty-eight years for the second degree burglary, twenty-four years for the theft, and one year for the criminal mischief, to be served concurrently. A division of this court affirmed the convictions and sentences. *People v. Reese,*

(Colo.App. No. 96CA0097, Apr. 16, 1998)(not published pursuant to C.A.R. 35(f) ).

Thereafter, defendant filed a pro se motion for postconviction relief pursuant to Crim. P. 35(c). The trial court appointed an attorney to represent him and conducted a hearing on his motion. As relevant here, defendant claimed his sentences were grossly disproportionate to his crimes. After an abbreviated proportionality review, the court denied the motion.

## II.

■ Defendant contends the trial court erred in denying his motion for postconviction relief because his sentences were grossly disproportionate to his crimes. He maintains that the predicate offenses on which his habitual criminal adjudication rests were not grave or serious, and therefore, that the case should be remanded to the trial court for an extended proportionality review. We disagree.

■ Generally, a trial court is afforded broad discretion in sentencing, and its decision will not be overturned absent an abuse of that discretion. However, whether a sentence is constitutionally proportionate is a question of law subject to de novo review. *People v. Patnode,* 126 P.3d 249 (Colo.App. 2005); *People v. Gaskins,* 923 P.2d 292 (Colo. App.1996).

■ The Cruel and Unusual Punishments Clause of the Eighth Amendment contains a narrow proportionality guarantee that forbids "extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan,* 501 U.S. 957, 1001, 111 S.Ct. 2680, 2705, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring); *see Close v. People,* 48 P.3d 528 (Colo.2002); *People v. McNally,* 143 P.3d 1062 (Colo.App. 2005).

■ Upon timely request, defendants are entitled to an abbreviated proportionality review of their sentences, *People v. Deroulet,* 48 P.3d 520 (Colo.2002); *Close v. People, supra,* which requires the court to compare the gravity of the offense and the harshness of the penalty to determine whether the de-

fendant has raised an inference of gross disproportionality. *People v. McNally, supra.*

■ If the abbreviated proportionality review yields no inference of gross disproportionality, the court need inquire no further. *Close v. People, supra.* "In almost every case, 'the abbreviated proportionality review will result in a finding that the sentence is not constitutionally disproportionate, thereby preserving the primacy of the General Assembly in crafting sentencing schemes.'" *People v. Martinez,* 83 P.3d 1174, 1180 (Colo.App.2003)(quoting *People v. Deroulet, supra,* 48 P.3d at 526); *see also Solem v. Helm,* 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637, 649 (1983) (great deference is due legislative determinations about sentencing, but courts have authority to conduct proportionality reviews if guided by objective principles).

### A. Abbreviated Review

■ When conducting an abbreviated proportionality review under the habitual criminal statute, a reviewing court must scrutinize all the offenses in question to determine whether, in combination, they are so lacking in gravity or seriousness as to suggest the habitual criminal sentence is grossly disproportionate. *People v. Deroulet, supra; People v. Mershon,* 874 P.2d 1025, 1031 (Colo. 1994); *People v. McNeely,* 68 P.3d 540 (Colo. App.2002).

■ A reviewing court determines whether a crime is grave or serious "by considering the harm caused or threatened to the victim or to society and the culpability of the offender." *People v. Deroulet, supra,* 48 P.3d at 524; *see People v. Martinez, supra.* Certain offenses have been held to be per se grave and serious for purposes of proportionality review. *See People v. McNeely, supra.* These include aggravated robbery, robbery, burglary, attempted burglary, accessory to first degree murder, and narcotics related crimes. *People v. Deroulet, supra,* 48 P.3d at 524; *Close v. People, supra,* 48 P.3d at 538.

Here, the jury convicted defendant of second degree burglary, which he concedes is a grave and serious offense for purposes of an

abbreviated proportionality review. *See People v. Deroulet, supra; Close v. People, supra* (when per se grave or serious crimes are involved, a sentencing court may proceed directly to the second subpart of an abbreviated proportionality review, which requires consideration of the harshness of the penalty). However, he contends his sentence was disproportionate because four of his five predicate felony offenses were not grave and serious. We are not persuaded.

The five predicate felonies were (1) second degree forgery, § 18–5–102(1)(a), C.R.S.2005; (2) attempted escape, § 18–8–208.1, C.R.S. 2005; (3) criminal impersonation, § 18–5–113, C.R.S.2005; (4) second degree burglary, § 18–4–203; and (5) attempted aggravated robbery, §§ 18–2–101, 18–4–302, C.R.S.2005.

Second degree forgery and attempted escape by walking away from a facility are not grave and serious offenses, *see People v. Deroulet, supra; People v. Medina,* 926 P.2d 149, 151 (Colo.App.1996), and we are unaware of any cases holding that criminal impersonation is a grave and serious offense. Thus, we agree with defendant to that extent.

Defendant also maintains that attempted aggravated robbery is not a grave and serious offense based on language in *People v. Deroulet, supra,* 48 P.3d at 527, distinguishing attempted crimes from completed ones and suggesting that narcotics offenses, such as the attempted possession of a controlled substance, "arguably do not rise to the level of grave or serious." *See also People v. Cisneros,* 855 P.2d 822 (Colo.1993)(stating that the possession or sale of narcotics is a grave or serious offense, but that attempted narcotics offenses are less serious).

However, robbery is a per se grave and serious offense for purposes of proportionality review, *see Close v. People, supra; People v. Allen,* 111 P.3d 518, 520 (Colo.App.2004), as are second degree burglary and attempted second degree burglary. *See People v. Deroulet, supra; People v. McNally, supra.*

Aggravated robbery is a class 3 felony and is an extraordinary risk crime that is subject to the modified presumptive sentencing range specified in § 18–1.3–401(10), C.R.S.

2005. Section 18–4–302(3), C.R.S.2005. It requires proof that during the act of robbery or immediate flight therefrom, the perpetrator was

(a) ... armed with a deadly weapon with intent, if resisted, to kill, maim, or wound the person robbed or any other person; or

(b) [h]e knowingly wounds or strikes the person robbed or any other person with a deadly weapon or by the use of force, threats, or intimidation with a deadly weapon knowingly puts the person robbed or any other person in reasonable fear of death or bodily injury; or

(c) [h]e has present a confederate, aiding or abetting the perpetration of the robbery, armed with a deadly weapon, with the intent, either on the part of the defendant or confederate, if resistance is offered, to kill, maim, or wound the person robbed or any other person, or by the use of force, threats, or intimidation puts the person robbed or any other person in reasonable fear of death or bodily injury; or

(d) [h]e possesses any article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or represents verbally or otherwise that he is then and there so armed.

Section 18–4–302(1), C.R.S.2005. Attempted aggravated robbery is a class 4 felony. Section 18–2–101(4), C.R.S.2005.

In contrast, attempted second degree burglary is a class 5 felony unless it is a burglary of a dwelling or the objective of the burglary is "the theft of a controlled substance ... lawfully kept within any building or occupied structure," in which case it is a class 4 felony. Section 18–4–203(2), C.R.S.2005; *see* § 18–2–101(4).

In view of these classifications by the General Assembly, we perceive no reason why attempted aggravated robbery should be treated differently from attempted second degree burglary for the purpose of proportionality review. We therefore conclude as a matter of law that attempted aggravated robbery is a grave or serious offense for such purpose.

## B. Conclusion

We acknowledge that defendant's sentence is severe. However, after weighing his two predicate convictions of attempted aggravated robbery and second degree burglary against his current sentence of forty-eight years in prison, we conclude he has raised no inference of gross disproportionality. *See Close v. People, supra*, 48 P.3d at 538 ("The delineation of certain crimes as grave or serious . . . renders a sentence nearly impervious to attack on proportionality grounds."); *People v. Deroulet, supra; People v. McNeely, supra* (concluding the defendant's forty-eight-year sentence for second degree burglary conviction did not raise an inference of gross disproportionality where his triggering and predicate offenses involved per se grave and serious crimes).

Accordingly, the trial court did not err in denying defendant's motion for postconviction relief or in denying his request for an extended proportionality review.

Order affirmed.

Judge ROY and Judge HAWTHORNE concur.