The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

David Eugene McCULLOCH,
Defendant–Appellant.

No. 07CA0773.

Colorado Court of Appeals,
Div. I.

Sept. 4, 2008.

John W. Suthers, Attorney General, Paul Koehler, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee.

Leslie A. Goldstein, LLC, Leslie A. Goldstein, Steamboat Springs, Colorado, for Defendant-Appellant.

Opinion by Judge CONNELLY.

Defendant, David Eugene McCulloch, appeals his aggregate fourteen-year sentence on two felony counts of contributing to the delinquency of a minor. He challenges the authority of the sentencing judge and the constitutionality of the sentence. We hold the district court properly appointed a county court judge to sentence defendant and the sentence was constitutional. Accordingly, we affirm.

## I. Background

Defendant, a 48-year-old man, had five prior felony convictions for: attempted sexual assault of a child, pandering, attempted theft, attempted first degree criminal trespass, and contributing to the delinquency of a minor. He pled guilty in this case to two class 4 felony counts of contributing to the delinquency of a minor; in return, the prosecution dismissed habitual criminal charges. Because defendant was on parole for another felony at the time of the offenses, the two- to six-year per count presumptive term of imprisonment increased to four to twelve years per count. See § 18-1.3-401(8)(a)(II), C.R.S. 2007. The parties stipulated to a four-year prison sentence on one count consecutive to four to ten years imprisonment on the other count.

A Boulder county court judge, sitting by assignment in Boulder district court, sentenced defendant to fourteen years in prison. The sentence consisted of four years on one count consecutive to ten years on the other.

Defendant filed timely collateral challenges to his sentence that were decided by a district court judge in separate orders. The first order ruled the county court judge had the delegated authority to impose sentence in this felony case. The second order found the sentence was not constitutionally disproportionate.

## II. Discussion

### A. Delegation of Authority to a County Court Judge

The Chief Justice of the Colorado Supreme Court has constitutional and statutory authority to assign qualified county court judges to perform judicial duties in any district. Colo. Const. art. VI, § 5(3); § 13-6-218, C.R.S.2007. The Constitution allows the Chief Justice to delegate administrative powers to chief district judges. Colo. Const. art. VI, § 5(4). The Chief Justice has delegated appointment authority to the chief judge of each respective Colorado district.

*See* Chief Justice Directive 95–01 (amended Aug. 2005).

Here, acting with authority delegated by the Chief Justice, the chief judge of the Boulder district court assigned the county court judge to sit as a district judge for one week. Defendant claims this appointment was illegal because: 1) the Chief Justice cannot delegate appointment powers; and, alternatively, 2) chief district judges can only make appointments for specific cases.

The statute granting appointment powers to the Chief Justice is silent on whether those powers may be delegated to another judicial officer. § 13–6–218. Prior cases have upheld the delegation in Chief Justice Directive 95–01, "discern[ing] no conflict between the statute and the directive." *People v. Rodriguez,* 799 P.2d 452, 453 (Colo.App. 1990); *accord People v. Prentiss,* 172 P.3d 917, 927 (Colo.App.2006); *People v. Jachnik,* 116 P.3d 1276, 1277 (Colo.App.2005). We likewise find no statutory basis for requiring the Chief Justice personally to make each temporary appointment. *See* 1 Norman J. Singer, *Sutherland's Statutory Construction* § 4.14, at 208–09 (6th ed.2002) (if "statute is silent on the question of redelegation and the delegation was to a single executive head, it is almost universally held that the legislature, understanding the impossibility of personal performance, impliedly authorized the delegation of authority to subordinates") (citing cases); *cf. Fremont RE–1 School District v. Jacobs,* 737 P.2d 816, 819 (Colo.1987) (not requiring "explicit legislative authorization" for school district to delegate its "administrative" powers that "do not have a significant impact on institutional policy"). Indeed, reading the statute to preclude delegation would bring it into conflict with the constitutional provision expressly allowing the Chief Justice to delegate her administrative powers. Colo. Const. art. VI, § 5(4).

We also reject defendant's contention that chief judges can only appoint county judges to specific cases. The Chief Justice's Directive allows judges to "be assigned by written order *to a particular court,* to a division within a court, to try a specific case, *or* [to] hear or decide all or any part of a case." CJD 95–01(3)(a)(iii) (emphasis added).

## B. Proportionality Challenge

▪ Defendant claims his 14–year total sentence violated the Eighth Amendment. We hold § 18–1–409(1), C.R.S.2007, does not preclude review of this claim because it covers only statutory, not constitutional, challenges to sentences. But the claim fails on the merits because the sentence was well within constitutional limits.

### 1. Waiver

The People's brief claimed § 18–1–409(1) precluded defendant from challenging the constitutionality of his sentence because it was within the plea agreement range. At oral argument, however, the People conceded the right to constitutional review. Because this point arguably is jurisdictional, and is likely to recur in the future, we decide it independently of any concession. We hold the statute does not preclude review of constitutional challenges.

▪ The statute grants appellate review of most felony sentences but not sentences agreed to in plea agreements. *See* § 18–1–409(1) (allowing noncapital felony defendants "the right to one appellate review of the propriety of the sentence, having regard to [various enumerated factors]; except that, if the sentence is within a range agreed upon by the parties pursuant to a plea agreement, the defendant shall not have the right of appellate review of the propriety of the sentence"). This statute allows a defendant to challenge the sentence's "propriety"—that is, its "intrinsic fairness or appropriateness." *Juhl v. People,* 172 P.3d 896, 901 (Colo.2007) (internal quotations omitted) (quoting *People v. Malacara,* 199 Colo. 243, 247, 606 P.2d 1300, 1302–03 (1980)).

▪ Sentencing courts retain broad discretion, but this discretion " 'is not *carte blanche.*' " *People v. Leske,* 957 P.2d 1030, 1043 (Colo.1998) (quoting *People v. Edwards,* 198 Colo. 52, 56, 598 P.2d 126, 128 (1979)). Sentences have been set aside where they were inadequately justified or arbitrarily harsh. *People v. Fuller,* 791 P.2d 702, 708 (Colo.1990); *People v. Martinez,* 628 P.2d 608, 613 (Colo.1981); *Edwards,* 198 Colo. at

56–58, 598 P.2d at 129–30; *People v. Hudson,* 709 P.2d 77, 80 (Colo.App.1985).

The statute precludes defendants from challenging the intrinsic fairness of sentences within the range agreed to in a plea agreement. *People v. Scofield,* 74 P.3d 385, 386 (Colo.App.2002); *People v. Garcia,* 55 P.3d 243, 244 (Colo.App.2002). But an Eighth Amendment challenge is of a different magnitude than a statutory challenge. The issue is not whether a particular sentence was a wise exercise of discretion, but whether it was so disproportionate as to constitute cruel and unusual punishment. Accordingly, unlike statutory review for abuse of discretion, appellate scrutiny of an Eighth Amendment challenge is de novo. *See People v. Reese,* 155 P.3d 477, 479 (Colo.App. 2006); *People v. Mandez,* 997 P.2d 1254, 1273 (Colo.App.1999).

The statute neither grants nor eliminates a defendant's Eighth Amendment right to challenge a sentence as constitutionally disproportionate. Indeed, the supreme court recently ruled section 18–1–409(1) inapplicable where the challenge is to the legality rather than the propriety of a sentence. *Juhl,* 172 P.3d at 901. This reasoning applies with heightened force to challenges to the constitutionality of a sentence. *Cf. Malacara,* 606 P.2d at 1303 n. 4 (statute "would likely be unconstitutional" if construed to bar constitutional challenges to the fairness of a sentencing proceeding).

### 2. Merits

The Eighth Amendment "does not require strict proportionality between crime and sentence" but "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan,* 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring) (partially quoting *Solem v. Helm,* 463 U.S. 277, 288, 303, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)). The leading cases applying these standards to Colorado sentences are *Close v. People,* 48 P.3d 528 (Colo.2002), and *People v. Deroulet,* 48 P.3d 520 (Colo.2002). These cases settle two issues pertinent here.

First, sentences are reviewed on a count-by-count basis rather than in the aggregate. *Close,* 48 P.3d at 538. Defendant, therefore, cannot bring an Eighth Amendment challenge to his total 14–year sentence. Instead, the only issue is whether the higher sentence of ten years imprisonment is constitutionally disproportionate.

Second, courts initially conduct "only an abbreviated form of proportionality review, consisting of a comparison of the two subparts of the gravity of the offense and the harshness of the penalty." *Id.* Further analysis is required only if this abbreviated review "gives rise to an inference of gross disproportionality." *Id.* at 542.

We assess an offense's gravity by examining the offender's culpability and the harm caused to the victim or society. *Id.* at 534 (citing *Solem*). The offense may be aggravated not just by its immediate circumstances but also by the offender's prior criminal record. *See, e.g., Ewing v. California,* 538 U.S. 11, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (upholding constitutionality of "three strikes" sentence of 25 years to life for defendant convicted of stealing golf clubs worth $1,200); *People v. McNally,* 143 P.3d 1062, 1064–65 (Colo.App.2005) (24–year habitual criminal sentence for defendant convicted of $1,000 commercial theft raised no inference of gross disproportionality).

The offense of contributing to the delinquency of a minor covers a wide spectrum of criminal conduct, and is not one of the crimes previously listed by our supreme court as per se grave or serious. *See Close,* 48 P.3d at 538; *Deroulet,* 48 P.3d at 524; *but cf. People v. Ebbert,* 925 P.2d 274, 277 (Colo.1996) ("[p]ossession of cocaine, and contributing to the delinquency of a minor, both felonies, are serious crimes" warranting a lawyer's disbarment). The circumstances of this particular offense, however, coupled with defendant's criminal background, were aggravated. Defendant, a previously convicted sex offender, had recent convictions for attempted sexual assault on a child and contributing to the delinquency of a minor. He was on parole for less than a month when he committed the instant offenses. Those prior convictions,

moreover, involved conduct similar to that underlying this case.

Defendant tries to minimize his current offense as simply "providing a beer and cigarettes" to a 17–year–old boy. But defendant previously was convicted of attempted sexual assault of a child and the trial court found he apparently was trying to use the beer and cigarettes to lure another minor into a sexual encounter. This accordingly was a grave and serious offense based on the harm to this particular victim and, more broadly, on the harm to society caused by defendant's repeated victimization of minors. The sentences give rise to no inference of gross disproportionality so extended review is unnecessary. *See People v. Strean,* 74 P.3d 387, 396 (Colo.App.2002).

### III.   Conclusion

The district court's denial of defendant's challenges to his sentence is affirmed.

Judge ROTHENBERG and Judge ROMÁN, concur.