23CA1893 Peo v Sparks 01-23-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1893
El Paso County District Court No. 15CR1916
Honorable Monica J. Gomez, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Rustin Dean Sparks,

Defendant-Appellant.

SENTENCE AFFIRMED

Division II
Opinion by JUDGE FOX
Gomez and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 23, 2025

Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Jeffrey C. Parsons, Alternate Defense Counsel, Broomfield, Colorado, for
Defendant-Appellant

¶ 1     Defendant, Rustin Dean Sparks, appeals his sixty-four-year habitual criminal sentence. He contends that the trial court erred by concluding that this sentence did not raise an inference of gross disproportionality. We affirm.

## I.     Background

¶ 2     The People charged Sparks with attempted murder, first degree assault, and felony menacing after he shot a man. *People v. Sparks*, slip op. at ¶ 1, (Colo. App. No. 18CA0288, Feb. 4, 2021) (not published pursuant to C.A.R. 35(e)) (*Sparks I*). The convictions stemmed from evidence that, as the victim sat in a car with Sparks's girlfriend, Sparks struck the driver's side window with a gun, pointed the gun at the victim, and fired two shots, hitting the victim in the arm. *Id.* at ¶ 35.

¶ 3     A jury found Sparks guilty of first degree assault and felony menacing, but it deadlocked on the attempted murder charge. *Id.* at ¶ 1. The trial court sentenced Sparks as a habitual criminal to a term of sixty-four years in prison for the first degree assault. *Id.*

¶ 4     On appeal, a division of this court affirmed Sparks's convictions but vacated his habitual criminal sentence and remanded for the trial court to conduct an abbreviated

1

proportionality review of the sentence in light of the supreme court's decision in *Wells-Yates v. People*, 2019 CO 90M. *Sparks I*, slip op. at ¶¶ 3, 48, 59-60.

¶ 5    On remand, the trial court received briefing from the parties, and Sparks acknowledged — as he does on appeal — that his triggering first degree assault offense was grave and serious. But he argued that none of his predicate offenses were grave and serious based on their underlying facts, which, consistent with the guidance in *Wells-Yates*, he urged the court to consider and argued did not involve violence.

¶ 6    In response, the People agreed that Sparks's triggering first degree assault offense was grave and serious. Relying on the records from the cases underlying Sparks's predicate offenses — including the arrest warrant affidavits, attached to the People's response as exhibits — the People asserted that all of the predicate offenses were grave and serious based on their factual circumstances.

¶ 7    The People urged the court to find that, taken together with the triggering offense, Sparks's criminal history supported a finding that the sixty-four-year sentence imposed in this case was not

grossly disproportionate. They noted that both the triggering offense and predicate offenses involved violence, physical injury, grave risk of serious bodily injury or death, or reckless behavior posing a threat to the public. And they noted that Sparks was the principal actor in each offenses.

¶ 8 In his reply, Sparks did not dispute the People's recitation of the underlying facts of his predicate offenses or the information contained in the arrest warrant affidavits. Instead, he reiterated that, in his view, none of the predicate offenses involved violence toward others. Further, though he acknowledged that he was parole eligible, he argued that the court should consider the statistical unlikelihood that he would be paroled in his lifetime, given that his mandatory release date would not come until after the end of his prison life expectancy.

¶ 9 After considering the parties' briefing, the trial court issued a detailed written order concluding that Sparks's sixty-four-year sentence did not raise an inference of gross disproportionality under *Wells-Yates*.

¶ 10 The court noted Sparks's concession that his triggering offense was grave and serious and the "egregious facts" of the offense.

Considering both Sparks's observations about the underlying facts of the predicate offenses and the People's summary of those facts, along with the arrest warrant affidavits, the court found that the five predicate offenses were also grave and serious. The court found that all of the offenses presented a significant threat of harm to society, they involved completed acts, and Sparks was the principal actor and admitted his culpability in each case.

¶ 11    Specifically, the court found the following:

- In El Paso County case number 97CR4104, Sparks pleaded guilty to an amended count of sexual assault on a child, a class 4 felony. The charge stemmed from allegations that Sparks had sexual intercourse with a thirteen-year-old and was aware of the illegality of his conduct, telling the victim that he could go to jail and that "he didn't know her and she didn't know him" if the relationship was discovered.

- In El Paso County case number 99CR2449, Sparks abused the trust of the victim, using a key to gain access to her home and repeatedly stealing coins valued collectively at between $20,000 and $45,000, which he sold for personal gain. He pleaded guilty to theft, a class 4 felony.

4

- In El Paso County case number 06CR744, Sparks was running a "chop shop" out of his garage, with harm to society and many victims. He pleaded guilty to theft of auto parts, a class 5 felony.

- In Teller County case number 07CR132, Sparks pleaded guilty to vehicular eluding, a class 5 felony. While on bond, Sparks (1) was observed travelling at a high rate of speed on a motorcycle with a passenger; (2) reached speeds over 100 mph after officers pursued him; (3) ran three red lights; and (4) lost control of the motorcycle and crashed, resulting in injuries to him and his passenger.

- In El Paso County case number 08CR1254, Sparks pleaded guilty to attempted aggravated motor vehicle theft and trespass of an auto, both class 5 felonies. During the criminal episode underlying his plea, which occurred a day before his sentencing in two of the above cases, he activated a cordless drill and brandished it toward the victim's torso.

¶ 12    Considering the triggering and predicate offenses together, the court found they were not so lacking in gravity or seriousness as to suggest that the sixty-four-year sentence in this case was grossly

disproportionate. The court rejected Sparks's suggestion that it should consider the unlikelihood of him being paroled, instead considering the fact that he is indeed parole eligible, potentially reducing his actual period of confinement and rendering the penalty less harsh.

## II. Discussion

¶ 13 Sparks contends that the trial court erred. He challenges the court's determination that his predicate offenses were grave and serious based on their facts. And he asserts error related to the court's conclusion that his parole eligibility rendered his sixty-four-year sentence less harsh. We discern no error.

### A. Applicable Law and Standard of Review

¶ 14 The United States and Colorado Constitutions both prohibit "extreme sentences that are 'grossly disproportionate' to the crime." *Wells-Yates*, ¶ 5 (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring in part and concurring in the judgment)); *see also* U.S. Const. amend. VIII; Colo. Const. art. II, § 20.

¶ 15    Review of the constitutional proportionality of a sentence involves a two-step process: an abbreviated proportionality review and, if needed, an extended one. *Wells-Yates*, ¶ 10.

¶ 16    In conducting an abbreviated proportionality review of a habitual criminal sentence, we (1) assess the gravity or seriousness of the offenses in question — the triggering offense and the predicate offenses; and (2) consider the harshness of the sentence imposed on the triggering offense. *Id.* at ¶ 23. We determine whether the triggering offense and the predicate offenses, in combination, "are so lacking in gravity or seriousness so as to suggest that the sentence is unconstitutionally disproportionate to the crime, taking into account the defendant's eligibility for parole." *Id.* If the abbreviated proportionality review reveals no inference of gross disproportionality, no further analysis is required. *People v. Strock*, 252 P.3d 1148, 1157 (Colo. App. 2010).

¶ 17    We review de novo whether a sentence is constitutionally disproportionate. *Wells-Yates*, ¶ 35.

### B. Gravity and Seriousness of the Triggering and Predicate Offenses

¶ 18    In general, the gravity or seriousness of an offense requires consideration of the harm caused or threatened to the victim or society and the culpability of the offender. *People v. Session*, 2020 COA 158, ¶ 33. Relevant factors in determining whether a crime is grave or serious include the magnitude of the offense; whether the offense involved violence; whether the crime is a lesser-included offense or the greater-inclusive offense; whether the crime involves a completed act or an attempt; and whether the defendant was a principal or an accessory after the fact in the criminal episode. *Wells-Yates*, ¶ 12. The court should also consider "whether the defendant's acts were negligent, reckless, knowing, intentional, or malicious." *Id.* A court may omit this fact-specific analysis if the offense in question is per se grave or serious. *Id.* at ¶ 13; *Session*, ¶ 34.

¶ 19    The parties agree that Sparks's triggering offense of first degree assault was grave and serious. Sparks asserts, however, that none of his predicate offenses were grave and serious. The People respond that Sparks challenges the court's grave and serious

determination by "cherry-pick[ing] a few facts" to argue that the predicate offenses were not grave and serious.

¶ 20 Reviewing the facts and circumstances underlying the predicate offenses leads us to the same conclusion as the trial court.

### 1. 97CR4104

¶ 21 Sparks claims that his sexual assault on a child offense did not involve violence, forced sexual contact, or a position of trust, and he was sentenced to only five years of probation for that crime. Further, he was "only 19 years old, immature," and "it was his first adult conviction of any kind." Be that as it may, the record shows that Sparks engaged in a sexual relationship with a thirteen-year-old, was aware that she was thirteen, and knew that his conduct was illegal. Sparks acted knowingly as a principal in the commission of this offense, and child sexual assault is a crime that causes great harm to victims and society. *People v. Strean*, 74 P.3d 387, 396 (Colo. App. 2002) (The crime of sexual assault on a child "involve[s] situations in which an adult treats a vulnerable child as a tool for sexual gratification, often causing a devastating and life-

long effect."). Thus, we conclude that Sparks's crime of sexual assault on a child was grave and serious.

## 2. 07CR132 and 08CR1254

¶ 22　Sparks asserts that his vehicular eluding conviction in 07CR132 involved no overt acts of violence. Although he suggests that violence is a prerequisite to a finding that an offense is grave and serious, *Wells-Yates* does not require this. And the facts underlying Sparks's vehicular eluding offense involved significant harm or threatened harm to both a specific individual and society. The record shows that police radar confirmed Sparks drove a motorcycle at eighty-three miles per hour (mph) in a sixty mph zone. When law enforcement pursued him, he accelerated to speeds over 100 mph, ran several steady red lights, and crashed the motorcycle. He told officers that he ran because he had no driver's license. His passenger reported that she was screaming at Sparks to stop and was scared. Sparks's culpability was high. His conduct was knowing, and the factual circumstances of the crime indicate a willful and wanton disregard for the general safety of others. *See People v. Allen*, 111 P.3d 518, 520 (Colo. App. 2004) (legislative intent in enacting the vehicular eluding statute is to protect the

public from the great risks created by a driver attempting to elude a police officer).  Thus, we reject Sparks's claims that his vehicular eluding offense was not grave and serious.

¶ 23    Likewise, we reject his assertion that his threatened use of a cordless drill in 08CR1254 involved no injury to another person and thus the factual circumstances underpinning his convictions in that case meant his conduct wasn't grave and serious.  As noted, it is not just harm but threatened harm that drives a determination that a crime is grave and serious.  Sparks acknowledges that he threatened the use of a cordless drill on another person.  Given the violence inherent in such action, we likewise conclude that the offenses in 08CR1254 were grave and serious.

### 3.    99CR2449 and 06CR744

¶ 24    Having concluded that three of the five predicate offenses were grave and serious, even if we assume (for the sake of argument) that the two theft offenses in case numbers 99CR2449 and 06CR744 were not grave and serious, a court may conclude that Spark's offenses, taken together, are grave and serious.  *See Strock,* 252 P.3d at 1158 (it is not necessary for each offense to be grave and serious for a court to conclude that the offenses taken together are

11

grave and serious); *People v. Reese*, 155 P.3d 477, 480 (Colo. App. 2006) (forty-eight-year sentence not grossly disproportionate even though three of five predicate offenses were not grave and serious).

### 4. Challenge to the Court's Reliance on Affidavits

¶ 25 For the first time in his reply brief, Sparks challenges the trial court's reliance on the arrest warrant affidavits for the five predicate offenses. But he did not dispute or challenge the veracity or reliability of the affidavits in his trial court brief or opening brief on appeal. Under these circumstances, the issue is not properly before us and we will not address it. *See People v. Czemerynski*, 786 P.2d 1100, 1107 (Colo. 1990), *abrogated on other grounds by Rojas v. People*, 2022 CO 8. In any event, in finding the facts and circumstances surrounding a predicate offense, a court may consider arrest affidavits as one source of evidence in a proportionality review, subject to being disputed or challenged like any other evidence. *Wells-Yates*, ¶ 26.

### C. Harshness of the Penalty

¶ 26 Sparks agrees that he is eligible for parole, which "is relevant during an abbreviated proportionality review because parole can reduce the actual period of confinement and render the penalty less

12

harsh." *Id.* at ¶ 14.  He argues, however, that the simple fact of parole eligibility "is not the end of the analysis."  Rather, relying on *People v. Drake*, 785 P.2d 1257 (Colo. 1990), he asserts that the trial court should have considered "the unlikelihood" that he will actually be paroled in his lifetime.  He asserts that *Drake* "relied on the specific number of years in which the defendant in that case would be eligible for parole," and that such analysis is required.

¶ 27     True, *Drake* observed that the defendant was "eligible for parole . . . after he has served twenty years" of his sentence.  *Id.* at 1275.  But *Drake* reiterated that "[t]he *availability* of parole" is the factor a court must consider in its proportionality determination. *Id.* (emphasis added).  Thus, we perceive no error in the court's determination that Sparks's parole eligibility was relevant to its analysis, not the unlikelihood of being paroled within his estimated life expectancy.  *See Wells-Yates*, ¶ 14 ("We have expressly concluded that whether a sentence is *parole eligible* is relevant during an abbreviated proportionality review because parole *can* reduce the actual period of confinement and render the penalty less harsh.") (emphases added); *see also People v. Cisneros*, 855 P.2d

822, 827-29 (Colo. 1993), *abrogated in part on other grounds by Wells-Yates*, 2019 CO 90M.

### III.  Disposition

¶ 28  Considering the triggering offense with the predicate offenses, we conclude that they are not so lacking in gravity or seriousness as to suggest that Sparks's sixty-four-year habitual criminal sentence is unconstitutionally disproportionate to his crime and criminal recidivism.  *See Wells-Yates*, ¶ 23 ("[W]hen the proportionality of a habitual criminal sentence is challenged, the grave or serious inquiry includes consideration of the defendant's history of felony recidivism.").

¶ 29  And considering the fact that he is parole eligible, we cannot conclude that the penalty was unduly harsh.  *See id.* at ¶ 62 (Consideration of the harshness of the penalty "is substantially circumscribed because the legislature's establishment of the harshness of the penalty deserves great deference.").

¶ 30  Thus, an extended proportionality review is not warranted.

¶ 31  The sentence is affirmed.

JUDGE GOMEZ and JUDGE LUM concur.