23CA1418 Peo v Price 01-30-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1418
Montezuma County District Court No. 23CR18
Honorable Todd Jay Plewe, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Dino House Price,

Defendant-Appellant.

---

APPEAL DISMISSED IN PART
AND SENTENCE AFFIRMED

Division II
Opinion by JUDGE GOMEZ
Fox and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 30, 2025

---

Philip J. Weiser, Attorney General, Jaycey DeHoyos, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Claire Pakis, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Dino House Price, appeals the district court's sentencing order. We dismiss the appeal in part and otherwise affirm the sentence.

## I.    Background

¶ 2    Price pleaded guilty to felony driving under the influence (DUI) – fourth or subsequent offense in exchange for the dismissal of the remaining charges and a stipulated sentencing cap of two years in prison. The plea agreement provided that, if Price was accepted into DUI court, the prosecution would recommend a probationary sentence. The parties agreed that, regardless of Price's acceptance into DUI court and the prosecution's sentencing recommendation, the court would retain the discretion to impose any sentence subject to the sentencing cap. Price was later accepted into DUI court, and he and the prosecution requested the imposition of a probationary sentence.

¶ 3    Nonetheless, the district court imposed a two-year prison sentence. The court stated that it believed Price was sincere in his statement that he wanted to turn his life around and acknowledged that he had serious health problems. But the court noted that Price had nine prior convictions involving driving under the

1

influence and that his previous non-prison sentences had failed to rehabilitate him and prevent him from recidivating. The court found that a prison sentence was therefore appropriate because Price was a danger to the community and was incapable of rehabilitation. This appeal follows.

## II. Legal Authority and Standard of Review

¶ 4 Section 18-1-409(1), C.R.S. 2024, guarantees a person convicted of a felony offense the right to one appellate review of "the propriety of the sentence, having regard to the nature of the offense, the character of the offender, and the public interest." A review of the propriety of the sentence "involves the intrinsic fairness or appropriateness of the sentence itself." *People v. Malacara*, 606 P.2d 1300, 1302-03 (Colo. 1980).

¶ 5 Section 18-1-409(1) also provides for one appellate review of "the manner in which the sentence was imposed, including the sufficiency and accuracy of the information on which it was based." A review of the manner in which the sentence was imposed "involves the extrinsic factors and procedures which affect the determination of the sentence." *Malacara*, 606 P.2d at 1303.

¶ 6    But "if the sentence is within a range agreed upon by the parties pursuant to a plea agreement, the defendant shall not have the right of appellate review of the propriety of the sentence." § 18-1-409(1).  This exception to the right to appellate review is referred to as the "plea proviso."  *Sullivan v. People*, 2020 CO 58, ¶ 1.  While the plea proviso, if applicable, bars review of the propriety of the sentence, it doesn't bar review of the manner in which the sentence was imposed.  *Id.* at ¶ 26.

¶ 7    When imposing a sentence, a district court must consider the nature and elements of the offense, the character and rehabilitative potential of the offender, any aggravating or mitigating circumstances, the development of respect for the law, the deterrence of crime, and the protection of the public.  *People v. Maestas*, 224 P.3d 405, 409 (Colo. App. 2009); *People v. Thoro Prods. Co.*, 45 P.3d 737, 748 (Colo. App. 2001), *aff'd*, 70 P.3d 1188 (Colo. 2003).  Also, before a court can sentence a defendant to prison on a felony DUI conviction under section 42-4-1301(1)(a), C.R.S. 2024, the court "must determine that incarceration is the most suitable option given the facts and circumstances of the case, including the defendant's willingness to participate in treatment"

and "shall consider whether all other reasonable and appropriate sanctions and responses to the violation that are available to the court have been exhausted, do not appear likely to be successful if tried, or present an unacceptable risk to public safety." § 42-4-1307(6.5)(e), C.R.S. 2024; *see also* § 42-4-1307(6.5)(a), (d).

¶ 8     Generally, however, a district court has broad discretion when imposing a sentence. *Allman v. People*, 2019 CO 78, ¶ 22. We won't overturn a sentence imposed in the absence of a clear abuse of that discretion. *People v. Fuller*, 791 P.2d 702, 708 (Colo. 1990). A court abuses its discretion if its decision is manifestly arbitrary, unreasonable, or unfair. *People v. Herrera*, 2014 COA 20, ¶ 16.

### III.    Analysis

¶ 9     Price contends that the district court abused its discretion by failing to "adequately consider[]" or "properly value" the parties' recommended probationary sentence, his rehabilitative needs, his physical health, his commitment to change, and his success with pretrial supervision requirements. He also asserts that the court failed to consider the factors in section 42-4-1307(6.5)(e). Price argues that his appeal shouldn't be barred by the plea proviso because "the court's failure to apply the appropriate criteria in

selecting his sentence at the sentencing proceeding" implicates the manner in which the sentence was imposed.

¶ 10 We are not convinced that Price's challenges to the adequacy of the district court's consideration of the sentencing factors and to the exercise of its discretion relate to the sentencing proceeding or the sufficiency and accuracy of the information on which the sentence was based. Rather, we conclude that his challenges implicate his sentence's propriety, or its intrinsic fairness or appropriateness. *See Sullivan*, ¶ 13; *Malacara*, 606 P.2d at 1302-03; *see also People v. Watkins*, 613 P.2d 633, 635 (Colo. 1980) (The defendant's assertion that his sentence was excessive in light of "his willingness to lead a productive life and to rehabilitate himself by ending his long dependence on drugs" was cognizable as a challenge to the propriety of the sentence.); *People v. McCulloch*, 198 P.3d 1264, 1268 (Colo. App. 2008) (a challenge to the intrinsic fairness of a sentence includes whether the particular sentence was a wise exercise of discretion).

¶ 11 Thus, because Price's sentence on his felony DUI conviction didn't exceed the two-year sentencing cap the parties agreed to in the plea agreement, we conclude that the plea proviso bars our

5

review of this claim. *See People v. Scofield*, 74 P.3d 385, 386-87 (Colo. App. 2002); *cf. People v. O'Dell*, 53 P.3d 655, 657 (Colo. App. 2001) (The plea proviso didn't apply because the "plea agreement [didn't] include[] any type of agreed sentencing range or cap.").

¶ 12    As to Price's other argument that the court failed to consider the statutory requirements of section 42-4-1307(6.5)(e), he asserts that this claim is a challenge to the manner in which the sentence was imposed because, without considering these factors, the sentence was based on insufficient and inaccurate information.

¶ 13    Initially, we note that this argument isn't adequately developed in Price's opening brief and is more thoroughly discussed in his reply brief. Generally, we wouldn't consider such an argument. *See People v. Houser*, 2020 COA 128, ¶ 24 (we won't consider a bald legal argument presented without any development); *People v. Grant*, 174 P.3d 798, 803 (Colo. App. 2007) (we won't address arguments raised for the first time in a reply brief).

¶ 14    Nevertheless, assuming that a court's failure to consider sentencing factors implicates the manner in which a sentence was imposed, and that this claim is thus not barred by the plea proviso, we aren't persuaded by Price's argument. He asserts that the

district court failed to consider his willingness to participate in treatment through the DUI court, his success with other treatment programs, and whether all other reasonable and appropriate sanctions have been exhausted. He also asserts that the court's finding that he was unlikely to be successful in treatment was manifestly arbitrary. We disagree.

¶ 15    When imposing the prison sentence, the district court noted that, in Price's most recent previous DUI case, he'd been given a deferred judgment and probation and "[he] completed it." The court also acknowledged the sincerity of Price's request for the court to "[j]ust give [him] a chance" because he was "ready to turn [his] life around." But the court noted that Price had expressed similar sentiments during sentencing in the most recent case and that he hadn't changed his life and was back in court on his tenth DUI only a year later. The court found that Price's criminal history showed that he was "a danger to this community, and at this point the time for rehabilitation [wa]s in the past."

¶ 16    We conclude that these findings are sufficient to demonstrate that, when imposing the sentence, the district court considered Price's willingness to participate in treatment, his success (or lack

thereof) with prior treatment, and other potential sanctions, and that the court determined that other sanctions either appeared unlikely to be successful or presented an unacceptable risk to public safety.  *See People v. Linares-Guzman,* 195 P.3d 1130, 1137 (Colo. App. 2008) ("It is sufficient that the record contains . . . information that permits the conclusion that the sentencing court considered all essential factors.").  And Price's assertion that the court's finding that he was unlikely to be successful in treatment was manifestly arbitrary is a challenge to the sentence's propriety, which the plea proviso bars.  *See Watkins,* 613 P.2d at 635; *McCulloch,* 198 P.3d at 1268.

## IV.    Disposition

¶ 17    The appeal is dismissed in part, and the sentence is affirmed.

JUDGE FOX and JUDGE LUM concur.