The PEOPLE of the State of
Colorado, Petitioner,

v.

Jesse Allen DEROULET, Respondent.

No. 00SC626.

Supreme Court of Colorado,
En Banc.

May 28, 2002.

As Modified on Denial of Rehearing
July 1, 2002.

Jeanne M. Smith, District Attorney, Gordon R. Denison, Deputy District Attorney, Office of the District Attorney, Colorado Springs, Colorado, Ken Salazar, Attorney General, Matthew S. Holman, Assistant At-

torney General, Denver, Colorado, Attorneys for Petitioner.

David S. Kaplan, Colorado State Public Defender, Anne Stockham, Deputy State Public Defender, Denver, Colorado, Attorneys for Respondent.

Justice MARTINEZ delivered the opinion of the Court.

We granted certiorari in this case to determine whether a criminal defendant is entitled, upon request, to a proportionality review of his sentence under Colorado's habitual criminal statute, as amended in 1993, and, if so, whether the sentencing court erred in reducing defendant Jesse Deroulet's sentence. We hold that a defendant is entitled, upon request, to an abbreviated proportionality review of a sentence under the habitual criminal statute as amended in 1993, even when the sentence imposed is less than a life sentence. However, we find that the trial court erred in reducing Deroulet's sentence and thus reverse the judgment. The trial court held that Deroulet was entitled to a proportionality review and conducted that review by hearing evidence presented by Deroulet regarding his underlying felony convictions. The trial court concluded that because of the nature of the underlying felonies, the statutorily mandated thirty-six-year sentence would be unduly harsh. Accordingly, the trial court reduced Deroulet's sentence to twenty-two years imprisonment. The court of appeals affirmed. *People v. Deroulet*, 22 P.3d 939, 946 (Colo.Ct.App.2000). The court of appeals rejected the People's contention that proportionality is built into the current habitual criminal statute based on the 1993 amendments. We granted certiorari.[1]

We hold that the trial court correctly determined, and the court of appeals properly affirmed, that Deroulet was entitled to a proportionality review of his sentence under the habitual criminal statute as amended.

After reviewing the relevant facts and procedure, we briefly discuss the controlling legal framework of the proportionality principle, which is discussed at length in our companion case, *Close v. People*, 48 P.3d 528 (Colo. 2002), also issued today. Based on this framework, we conclude that an abbreviated proportionality review, as opposed to an extended proportionality review, was required in this case. Application of that same framework, however, reveals that the statutorily mandated sentence was not unconstitutionally disproportionate and, therefore, the trial court erred in reducing Deroulet's sentence.

## I. Facts and Procedure

Deroulet was convicted of first-degree burglary, third-degree assault, theft, harassment, and two counts of being an habitual criminal. The two underlying offenses for which Deroulet was adjudicated an habitual criminal were forgery and attempted possession of a schedule I controlled substance. The charges and convictions stemmed from two incidents involving Deroulet's former girlfriend. The second incident occurred when Deroulet was on bond following his arrest for the first incident.

Deroulet was to be sentenced under Colorado's habitual criminal statute, section 16–13–101, 6 C.R.S. (2001).[2] The applicable sec-

---

1. Specifically, we granted the People's petition for certiorari on the following two issues:

    (1) Whether the respondent is entitled to a proportionality review hearing under the new habitual criminal sentencing statute, 16–13–101, 6 C.R.S. (2001).

    (2) Whether the trial court imposed and the court of appeals affirmed an illegal sentence, and whether the trial court erred in imposing a sentence less than that provided for in the habitual criminal sentencing statute, 16–13–101, 6 C.R.S. (2001).

    We also granted Deroulet's petition for certiorari on an evidentiary issue involving the trial court's decision to permit the testimony of two witnesses

concerning an alleged drug transaction by Deroulet before the events that gave rise to the convictions in this case. After further review, however, we have determined that we improvidently granted Deroulet's petition for certiorari on that issue and now deny it.

2. Section 16–13–101 provides, in pertinent part:

    (1.5) Every person convicted in this state of any class 1, 2, 3, 4, or 5 felony who, within ten years of the date of the commission of the said offense, has been twice previously convicted upon charges separately brought and tried, and arising out of separate and distinct crimi-

tion of the habitual criminal statute directed that Deroulet be sentenced to three times the twelve-year maximum in the presumptive range for the class three felony of first-degree burglary. § 16–13–101(1.5), 6 C.R.S. (2001). The trial court conducted a proportionality review and declined to impose the thirty-six-year sentence mandated by the habitual criminal statute. Instead, the trial court imposed a twenty-two-year sentence. In doing so, the trial court rejected the prosecution's argument that a principle of proportionality is included in the habitual criminal statute as amended in 1993,[3] and as a result proportionality reviews were no longer appropriately conducted by trial courts imposing sentences under the habitual criminal statute.

The court of appeals affirmed. *Deroulet*, 22 P.3d at 946. It, too, rejected the prosecutor's contention that proportionality reviews are no longer proper under the amended habitual criminal statute.[4] Relying on *People v. Merchant*, 983 P.2d 108 (Colo.Ct.App. 1999), for the proposition that no sentence is per se constitutional, the court of appeals found that the 1993 amendments to the habitual criminal statute did not diminish the importance or applicability of the proportionality principle to sentences imposed under that statute. *Deroulet*, 22 P.3d at 946. As for the trial court's decision to reduce Deroulet's sentence, the court of appeals concluded, without extensive discussion, that "the court could properly impose the lesser sentence of years." *Deroulet*, 22 P.3d at 946.

nal episodes, either in this state or elsewhere, of a felony or, under the laws of any other state, the United States, or any territory subject to the jurisdiction of the United States, of a crime which, if committed within this state, would be a felony shall be adjudged an habitual criminal and shall be punished for the felony offense of which such person is convicted by confinement in a correctional facility for a term of three times the maximum of the presumptive range pursuant to section 18–1–105, C.R.S., for the class of felony of which such person is convicted.

3. Prior to the 1993 amendments, the habitual criminal statute required the imposition of a life sentence. Under the amended version of the habitual criminal statute, the mandatory sentence is a multiple of the maximum sentence in the presumptive range, which results in a sentence to a term of years that varies from offender

## II. Controlling Law

The principle of proportionality at issue in this case, grounded in the Eighth Amendment,[5] is discussed at length in the companion case of *Close v. People*, 48 P.3d 528 (Colo. 2002), also issued today. We will thus not repeat our lengthy discussion of those principles here. We will instead only summarize the principles and controlling law regarding proportionality reviews.

### A. United States Supreme Court Precedent

As reviewed in *Close*, the contours of current Eighth Amendment proportionality review in non-capital cases have been defined predominantly by five United States Supreme Court cases, which have established the following principles for proportionality reviews. First, the Eighth Amendment includes a principle of proportionality that, very generally, requires that the sentence "fit" the crime; no sentence is per se constitutional. *See Robinson v. California*, 370 U.S. 660, 667, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). Second, although a great deal of deference is due to legislative determinations regarding sentencing, courts do have the authority to conduct proportionality reviews as long as such reviews are guided by objective principles. *See Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983);

to offender. *Compare* § 16–13–101, 8A C.R.S. (1986) *with* § 16–13–101, 8A C.R.S. (Supp.1993).

4. The court of appeals distinguished this case from the companion case, *People v. Close*, 22 P.3d 933 (Colo.Ct.App.2000), also issued today, stating that in *Close*, "unlike here, the defendant was not sentenced pursuant to the habitual criminal offender statutes." *People v. Deroulet*, 22 P.3d 939, 946 (Colo.Ct.App.2000). The court of appeals in this case also held that "to the extent *Close* can be read to preclude proportionality review altogether where a defendant has received a statutorily-mandated sentence, we decline to follow it." *Id.*

5. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

*Rummel v. Estelle,* 445 U.S. 263, 274, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). Third, the principle of proportionality included in the Eighth Amendment is narrow, only forbidding "grossly disproportionate" sentences. *Harmelin v. Michigan,* 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring). Fourth, reviewing courts must only complete an abbreviated proportionality review when a defendant challenges a sentence on proportionality grounds. *Id.* An abbreviated proportionality review involves two sub-parts, namely comparing the gravity of the offense and the severity of the punishment. *Id.* Only when an abbreviated proportionality review gives rise to an inference of gross disproportionality does a reviewing court need to engage in an extended proportionality review. *Id.* at 1004–05. An extended proportionality review involves a comparison of the sentences imposed on other criminals who commit the same crime in the same jurisdiction and a comparison of the sentences imposed for commission of the same crime in other jurisdictions. *Id.* (citing *Solem,* 463 U.S. at 290–292, 103 S.Ct. 3001). Finally, proportionality reviews are not specifically limited to cases involving mandatory life sentences and sentences imposed pursuant to habitual criminal statutes. *See generally Hutto v. Davis,* 454 U.S. 370, 377, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) (Powell, J., concurring).

### B.   Colorado Precedent

■ As noted in *Close,* our precedent has closely followed that of the Supreme Court. Additionally, however, our precedent has carved out guiding principles specific to Colorado. In particular, we have delineated certain crimes as "grave or serious" for purposes of proportionality reviews. When a crime is "grave or serious" a reviewing court may proceed directly to consider the severity of the punishment.

■ Pursuant to United States Supreme Court precedent, our case law has established the following proportionality principles. First, Colorado courts are required to grant an abbreviated proportionality review, when requested, when a life sentence is imposed under the pre–1993 habitual

criminal statute or under a statute mandating a life sentence. *People v. Smith,* 848 P.2d 365 (Colo.1993)(abbreviated proportionality review of mandatory life sentence in non-habitual criminal statute case); *Alvarez v. People,* 797 P.2d 37, 40 (Colo.1990)(abbreviated proportionality review of life sentence imposed under former version of habitual criminal statute); *People v. Hernandez,* 686 P.2d 1325 (Colo.1984)(proportionality review of life sentence under former version of habitual criminal statute). Second, Colorado has adopted the "rule of *Harmelin*" articulated in Justice Kennedy's concurrence, namely that only an abbreviated proportionality review is necessary when the crimes supporting an habitual criminal statute sentence include "grave or serious" offenses. *People v. Gaskins,* 825 P.2d 30, 36 (Colo. 1992). Third, Colorado has adopted *Solem's* approach to determining what constitutes a "grave or serious" crime, namely by considering the harm caused or threatened to the victim or to society and the culpability of the offender. *Id.* (citing *Solem,* 463 U.S. at 292, 103 S.Ct. 3001). Fourth, some crimes have been determined to be "grave or serious" for purposes of proportionality review, thereby negating the need for utilizing *Solem's* considerations to make such a determination. Specifically, the crimes of aggravated robbery, robbery, burglary, accessory to first-degree murder, and narcotic-related crimes are all "grave or serious" for the purposes of proportionality review. *Gaskins,* 825 P.2d at 37. Fifth, no remand is necessary in cases where an extended proportionality review is unnecessary; in such cases an appellate court may conduct an abbreviated proportionality review. *Id.* at 37–38. Finally, as we announced in *Close,* each consecutive sentence must be considered separately for proportionality review purposes. *See Close,* 48 P.3d at 538–39.

### C.   The Habitual Criminal Statute

■ When conducting an abbreviated proportionality review under the habitual criminal statute, a reviewing court must scrutinize the offenses in question to determine "whether in combination they are so lacking

in gravity or seriousness" so as to suggest that the sentence is grossly disproportionate. *Gaskins*, 825 P.2d at 36; *People v. Mershon*, 874 P.2d 1025, 1031 (Colo.1994). Because the defendant has already been sentenced, and presumably served such sentences, for the underlying crimes upon which the habitual criminal adjudication rests, it is proper for a reviewing court to assess the gravity or seriousness of the triggering crime together with the gravity or seriousness of the underlying crimes when determining whether a sentence under the habitual criminal statute is unconstitutionally disproportionate.[6]

### III. Application of Controlling Law to This Case

The question that distinguishes this case from the companion case is whether a proportionality review continues to be required, when requested by a defendant, under the habitual criminal statute as amended in 1993. We find that it does.

Prior to the 1993 amendments, the habitual criminal statute mandated a life sentence. In 1993, the statute was amended. The 1993 amendments directed that a defendant twice previously convicted of a class 1,2,3,4, or 5 felony be sentenced to three times the maximum of the presumptive range for the class of felony for which he was convicted. § 16–13–101(1), 8A C.R.S. (Supp.1993). The 1993 amendments further directed that a defendant three times previously convicted as a felon to be sentenced to four times the maximum of the presumptive range for the class of felony for which he was convicted. § 16–13–101(2), 8A C.R.S (Supp.1993). Finally, the 1993 amendments retained the mandatory life sentence for those defendants who had

been three times previously convicted of a felony and were subsequently convicted of a felony under the crime of violence statute. § 16–13–101(2.5), 8A C.R.S. (Supp.1993).

The People argue that the constitutionally required proportionality principle is included in the amended habitual criminal statute because that statute no longer requires the imposition of a life sentence. Instead, because the amended statute provides for mandatory sentences to a term of years that vary in length according to the severity of the underlying felony, the People contend that a defendant such as Deroulet, who faces a term of years as opposed to a life sentence, does not have the right to the procedural requirements of either an abbreviated proportionality review or an extended proportionality review.[7] The People further contend that granting defendants the right to the procedural requirements of a proportionality review will enable such defendants to subpoena voluminous records from the district attorney's office, which would in turn pose logistical difficulties that would render a sentencing hearing for an habitual criminal unnecessarily complex and burdensome.

It is clear from the 1993 amendments to the habitual criminal statute that sentences imposed under that statute are now graduated and are no longer a uniform, mandatory life sentence. *Compare* § 16–13–101, 8A C.R.S. (Supp.1993) *with* § 16–13–101, 8A C.R.S. (1986). However, we are not persuaded that these amendments negate the necessity of an abbreviated proportionality review.

We disagree that the 1993 amendments to the habitual criminal statute include a principle of proportionality so as to render sen-

---

**6.** Thus, there is a distinction between proportionality reviews of sentences imposed under the habitual criminal statute and those that are imposed under the crime of violence statute, which we considered in the companion case of *Close*. Where the crime of violence statute requires the imposition of consecutive sentences, a reviewing court must conduct an abbreviated proportionality review of each separate sentence and cannot consider the total cumulative sentence. Under the habitual criminal statute at issue in this case, however, a court must consider the gravity or seriousness of the underlying crimes together with the triggering crime when conducting an abbreviated proportionality review.

**7.** The People do not contend that Deroulet is precluded from challenging the constitutionality of his sentence generally, but instead only contend that Deroulet is not entitled to the additional procedural requirements of an abbreviated or extended proportionality review. The People conclude that Deroulet's proper avenue for recourse is not a proportionality review, but instead a claim that his sentence was cruel and unusual under the Eighth Amendment, a claim that utilizes a "shocks the conscience" standard.

tences imposed under the amended statute immune from proportionality review. We recognize that the amended habitual criminal statute, which increases the sentence for a triggering offense by three- or four-fold arguably results in sentences that are more proportionate than the mandatory life sentences required by the old habitual criminal statute. However, any increase in proportionality is only with regard to the triggering offense. The underlying offenses, except for their mere existence, are not considered by the habitual criminal statute for proportionality purposes. Thus, the amendments to the habitual criminal statute, while arguably reflecting proportionality concerns vis-à-vis the triggering offense, do not address proportionality concerns vis-à-vis the entire group of crimes underlying an habitual criminal adjudication and sentence.

The danger of any habitual criminal statute is that its formulaic and formalistic nature creates a possibility that a sentence imposed will be unconstitutionally disproportionate. A statutory scheme cannot guarantee a sentence that is constitutionally proportionate to a particular defendant convicted of a particular crime under particular circumstances. While habitual criminal statutes give guidance to sentencing courts regarding gross disproportionality, a finding that courts are stripped of the ability to conduct a proportionality review, even under the most proportionality-precise of habitual criminal statutes, would result in an Eighth Amendment analysis of that particular statutory scheme, as opposed to an Eighth Amendment analysis of the particular defendant's sentences for a particular crime. Thus, an abbreviated proportionality review is required when requested by a defendant. We stress, however, that we have little doubt that in most instances the General Assembly's determinations regarding the sentencing of habitual criminals will result in constitutionally proportionate sentences. As a result, in almost every case, the abbreviated proportionality review will result in a finding that the sentence is constitutionally proportionate, thereby preserving the primacy of the General Assembly in crafting sentencing schemes. Additionally, the requirements of conducting an abbreviated proportionality review are minimal and therefore do not create a burden for sentencing courts.

Several other considerations support our conclusion that an abbreviated proportionality review is required, upon request, under the habitual criminal statute as amended. First, nothing in the plain language of the statute precludes a proportionality review from being conducted. Second, the United States Supreme Court has held that no penalty is per se constitutional. *See Solem*, 463 U.S. at 290, 103 S.Ct. 3001. That Court has also held that proportionality reviews are properly completed with regard to felony prison sentences. *Id.* at 288, 103 S.Ct. 3001; *Harmelin*, 501 U.S. at 1001–02, 111 S.Ct. 2680. Third, a sentence imposed under the amended habitual criminal statute continues to raise a concern about the special dangers that were present in the former version of the habitual criminal statute, namely that a defendant's sentence will be increased by a sentencing court that does not have an opportunity to assess the gravity of the underlying convictions unless and until it conducts an abbreviated proportionality review: "The provisions of the Habitual Criminal Act create a unique possibility that a defendant will receive a ... sentence which is not proportionate to the crime for which the defendant has been convicted." *Alvarez*, 797 P.2d at 40. Although such concern may be present to a lesser degree under the amended habitual criminal statute, the concern is not eliminated.

Taken together, all of these considerations lead us to conclude that the importance of, and requirement of, the narrow principle of proportionality embodied in the Eighth Amendment is applicable to sentences imposed under the habitual criminal statute as amended. *See Solem*, 463 U.S. at 291–92, 103 S.Ct. 3001; *see also Harmelin*, 501 U.S. at 1001, 111 S.Ct. 2680; *Merchant*, 983 P.2d at 116.

Although we hold that a proportionality review was required in this case notwithstanding the amendments to the habitual criminal statute, we stress that only an abbreviated proportionality review is required. *See Harmelin*, 501 U.S. at 1001–02, 111 S.Ct.

2680; *Mershon*, 874 P.2d at 1031. If, and only if, an abbreviated proportionality review gives rise to an inference of gross disproportionality is a court required to complete an extended proportionality review. Not only does this rule address the People's concern regarding creating burdensome procedural requirements that would hinder sentencing courts from operating efficiently, the rule requiring only an abbreviated proportionality review is all that is required under *Harmelin* and *Alvarez*. *Harmelin*, 501 U.S. at 1001–02, 111 S.Ct. 2680 (Kennedy, J., concurring); *Alvarez*, 797 P.2d at 40. Again, an abbreviated proportionality review consists of a comparison of two sub-parts, the gravity of the offense and the harshness of the penalty, to discern whether an inference of gross disproportionality is raised. *Harmelin*, 501 U.S. at 1001–02, 111 S.Ct. 2680. Accordingly, the trial court properly conducted an abbreviated proportionality review in this case.

■ Although we find that the trial court correctly determined that an abbreviated proportionality review was required in this case, we find that the trial court erred in deciding that the thirty-six-year sentence mandated by the statute was constitutionally infirm. Case law is clear that legislatively mandated sentencing schemes are to be given great deference by courts engaging in proportionality reviews. *See generally Harmelin*, 501 U.S. at 998, 111 S.Ct. 2680; *Smith*, 848 P.2d at 374.

Additionally, the Supreme Court has recognized that courts "lack clear objective standards to distinguish between sentences for different terms of years." *Harmelin*, 501 U.S. at 1001, 111 S.Ct. 2680 (Kennedy, J., concurring). As a result, "the relative lack of objective standards concerning terms of imprisonment has meant that 'outside of the capital context, *successful* challenges to the proportionality of a particular sentence [are] exceedingly rare.'" *Id.* (quoting *Solem*, 463 U.S. at 289–90, 103 S.Ct. 3001)(emphasis in original); *see also Solem*, 463 U.S at 294, 103 S.Ct. 3001 ("For sentences of imprisonment, the problem is not so much one of ordering, but one of line-drawing. It is clear that a 25–year sentence generally is more severe than a 15–year sentence, but in most cases it

would be difficult to decide that the former violates the Eighth Amendment while the latter does not."). Thus, it is clear that courts will rarely be in the position to adjust a sentence to a term of years by a handful of years in either direction; to engage in such fine-tuning goes beyond the search for gross disproportionality and improperly injects courts into the realm of determining specific sentencing schemes, which is the province of the General Assembly. For these reasons, the trial court erred in adjusting Deroulet's sentence to a term of years from thirty-six years to twenty-two years.

An abbreviated proportionality review reveals that thirty-six years is not disproportionate given the severity of the crimes. Deroulet was convicted of first-degree burglary, which we have previously held is a grave or serious crime for the purposes of a proportionality review; nothing here suggests a contrary conclusion. *See Gaskins*, 825 P.2d at 37. Thus, we need not weigh the considerations articulated by the *Solem* Court for determining whether the offense of first-degree burglary was grave or serious under the first sub-part of the abbreviated proportionality review. Instead, we are able to proceed to consider the second sub-part of the abbreviated proportionality review, the severity of the punishment. Deroulet's underlying offenses were forgery and attempted possession of a controlled substance. We have previously held that the possession or sale of narcotics is a grave or serious offense. *People v. Cisneros*, 855 P.2d 822, 830 (Colo.1993). Although the underlying convictions, standing alone, arguably do not rise to the level of grave or serious, we find that in combination with the serious nature of the burglary offense, the offenses in question are sufficiently grave and serious such that no inference of gross disproportionality is raised by imposition of the statutorily mandated thirty-six-year sentence. Thus, in reducing the sentence, the trial court failed to give the required deference to the General Assembly's determinations regarding sentencing. *See generally Harmelin*, 501 U.S. at 998, 111 S.Ct. 2680. Accordingly, the trial court's reduction of sentence, and the court of appeals' affirmation of that reduction, is reversed.

528

### IV. Conclusion

Today we conclude, pursuant to the principles articulated and discussed in the companion case of *Close v. People*, 48 P.3d 528 (Colo. 2002), that a defendant sentenced under the habitual criminal statute, as amended in 1993, is entitled to an abbreviated proportionality review of his sentence upon request. Accordingly, the trial court properly conducted such review in this case. However, we find that the trial court incorrectly concluded that the statutorily mandated thirty-six-year sentence was unconstitutionally disproportionate and thus erred in reducing Deroulet's sentence. Accordingly, we reverse the court of appeals' affirmance of the trial court's reduction of sentence, and order the thirty-six-year sentence to be imposed.