**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Shawn Dewitt ALLEN, Defendant–Appellant.**

**No. 02CA1061.**

Colorado Court of Appeals, Div. II.

Oct. 7, 2004.

Certiorari Denied May 16, 2005.

Ken Salazar, Attorney General, Katherine A. Hansen, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Cynthia M. Mardian, Denver, Colorado, for Defendant–Appellant.

NIETO, J.

Defendant, Shawn Dewitt Allen, appeals the habitual criminal sentence imposed upon his conviction for robbery. We affirm.

The evidence at trial proved that defendant and an accomplice attacked the victim, stole his car keys, and refused to return the keys until the victim paid them twenty dollars. Defendant was convicted of robbery and theft.

In the second phase of the trial, the court adjudicated defendant a habitual criminal based on the following prior convictions: unlawful possession of a firearm by a convicted felon, attempted possession of a controlled substance, eluding a pursuing police vehicle, and robbery. Pursuant to § 18–1.3–801(2), C.R.S.2003, the trial court sentenced defendant to twenty-four years in the custody of the Department of Corrections—four times the maximum presumptive range sentence for the class four offense of robbery under § 18–1.3–401(1)(a)(V)(A), C.R.S.2003. After conducting an abbreviated proportionality review, the trial court made a finding that defendant's sentence was not disproportionate. Defendant then filed this appeal.

■ Defendant contends that the trial court erred by finding that the convictions underlying the habitual offender charges were grave and serious offenses. We disagree.

■ A defendant sentenced under the habitual criminal statute is entitled to an abbreviated proportionality review of his or her sentence even if the sentence under review is less than a life term. *People v. Deroulet,* 48 P.3d 520, 527 (Colo.2002).

■ "[A]n abbreviated proportionality review consists of a comparison of two subparts, the gravity of the offense and the harshness of the penalty, to discern whether an inference of gross disproportionality is raised." *People v. Deroulet, supra,* 48 P.3d at 527.

■ In almost every case, "the abbreviated proportionality review will result in a finding that the sentence is constitutionally proportionate, thereby preserving the primacy of the General Assembly in crafting sentencing schemes." *People v. Deroulet, supra,* 48 P.3d at 526. Only if an inference of gross disproportionality is raised must the "abbreviated" proportionality review be followed by an "extended" proportionality review. *People v. Deroulet, supra,* 48 P.3d at 524–27 (in an extended proportionality review, the court must compare the sentences imposed on other criminals who commit the same crime in the same jurisdiction and compare the sentences imposed for commission of the same crime in other jurisdictions).

■ Where the triggering crime in a habitual criminal case is grave and serious, generally only an abbreviated proportionality review is required, and only rarely will the

prior felony crimes supporting the habitual criminal case be so lacking in inherent gravity that an extended proportionality review will be required. *Close v. People,* 48 P.3d 528 (Colo.2002). We are not persuaded by defendant's claim that the supreme court's decision in *Close v. People, supra,* is contrary to the United States Supreme Court's decision in *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Moreover, we are bound by the decisions of the Colorado Supreme Court.

■ Certain Colorado crimes have been determined to be grave and serious for purposes of proportionality review. Here, defendant's triggering robbery conviction and his prior convictions for robbery and attempted possession of a controlled substance are all convictions for grave and serious offenses. *People v. Deroulet, supra,* 48 P.3d at 524 (certain crimes, such as robbery and "narcotic-related crimes," are per se grave and serious for purposes of proportionality review).

Insofar as defendant argues that the crimes determined to be grave and serious in *People v. Deroulet, supra,* and *Close v. People, supra,* are an exclusive list, we reject that argument, and we consider whether defendant's other prior offenses are grave and serious.

■ We conclude defendant's out-of-state conviction for eluding a pursuing police vehicle and defendant's federal conviction for possession of a gun by a convicted felon are also grave and serious offenses. When the court determines whether an offense is grave or serious, it considers "the harm caused or threatened to the victim or to society and the culpability of the offender." *People v. Deroulet, supra,* 48 P.3d at 524.

■ In Colorado, vehicular eluding is a class five felony, and the General Assembly has determined that the offense poses great risks to the public and can be elevated to a class three or four felony. Section 18–9–116.5, C.R.S.2003 (recognizing, through establishment of sentence enhancement factors, that bodily injury and death can result from vehicular eluding); *see, e.g., Tidwell v. City & County of Denver,* 83 P.3d 75, 77

(Colo.2003)(police officer in a patrol car was chasing a suspect when the suspect's vehicle collided with another vehicle, killing the driver and seriously injuring the passenger); *cf. People v. McNeely,* 68 P.3d 540, 545 (Colo.App.2002)(classifying a felony traffic conviction as a grave and serious offense for purposes of proportionality review). The legislative intent in enacting the Colorado vehicular eluding statute is to protect the public from the dangers created by a driver attempting to elude a police officer. *People v. Fury,* 872 P.2d 1280 (Colo.App.1993). Thus, conduct that constitutes vehicular eluding poses a grave risk of harm to the public, and a conviction for such conduct is a grave and serious offense.

■ Possession of a firearm by a previous offender is either a class five or six felony in Colorado. Section 18–12–108, C.R.S.2003. The purpose of this statute is to limit the possession of firearms by persons whose past conduct has demonstrated that they are unfit to be entrusted with such dangerous instrumentalities. *People v. Quintana,* 707 P.2d 355 (Colo.1985); *People v. Gallegos,* 193 Colo. 108, 563 P.2d 937 (1977). Therefore, a convicted felon who possesses a firearm poses a substantial risk of harm to the public, and a conviction for such conduct constitutes a grave and serious offense. *See State v. Saunders,* 699 P.2d 738, 744 (Utah 1985)(for purposes of proportionality review, a conviction for possession of a firearm by a restricted person is as serious as a burglary conviction), *abrogated on other grounds by State v. Doporto,* 935 P.2d 484 (Utah 1997); *see also People v. Cabral,* 878 P.2d 1, 3 (Colo.App.1993)(upholding life sentence based in part on conviction for possession of firearm by a previous offender).

Therefore, we conclude that a twenty-four-year sentence is not unconstitutionally disproportionate to defendant's crimes.

The sentence is affirmed.

Judge ROTHENBERG and Judge LOEB concur.