The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Dana Scott COOPER, Defendant–Appellant.

No. 07CA0505.

Colorado Court of Appeals, Div. VI.

Oct. 30, 2008.

John W. Suthers, Attorney General, John T. Lee, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Alison Ruttenberg, Boulder, Colorado, for Defendant–Appellant.

Opinion by Judge BERNARD.

A jury convicted defendant, Dana Scott Cooper, of felony theft and second degree aggravated motor vehicle theft. On appeal, he raises issues concerning the judgment of conviction and the propriety of the sentence. We affirm the judgment, reverse the sentence in part, affirm it in part, and remand for resentencing.

## I. Background

On January 9, 2006, defendant took a 1996 Ford Ranger pickup truck from a Fort Collins Ford dealership, purportedly for a test drive. Thirteen hours later, he was pulled over by the police in Kansas, driving the same pickup truck. He was charged with, and convicted of, theft in violation of section 18–4–401, C.R.S.2008, and second degree aggravated motor vehicle theft in violation of section 18–4–409(4), C.R.S.2008.

Defendant was also charged with five counts under the habitual criminal statute. The trial court found that defendant had previously been convicted of two of. those counts. As a result, the court determined that he was a habitual offender with two prior felony criminal convictions in the ten years leading up to the current crime.

Relying on sections 18–1.3–401(1)(a)(V)(A) and 18–1.3–801(1.5), C.R.S.2008, the trial court sentenced defendant to eighteen years in prison for his theft conviction, a class four felony, and four and one-half years in prison for his aggravated motor vehicle theft conviction, a class six felony.

## II. Theft of a Commercially Insured Vehicle

■ Defendant argues that the theft statutes do not apply when the stolen property is commercially insured. Defendant did not raise this issue below, he cites no authority in support of this proposition on appeal, and he does not present an analytical basis for reaching the conclusion he proposes. Therefore, we will not consider this argument. *See Negron v. Golder,* 111 P.3d 538, 542 (Colo. App.2004) (appellant is obligated to provide authority to support his or her arguments, and, without it, the judgment will be affirmed); *People v. Williams,* 33 P.3d 1187, 1190 (Colo.App.2001) (declining to consider, under plain error standard, arguments not raised before the trial court, including whether parole statute applied to the defendant, when defendant did not refer to any authority to support his claim).

## III. Equal Protection and Double Jeopardy

■ Defendant argues that the theft and aggravated motor vehicle theft statutes are unconstitutional as applied in this case. Specifically, he argues that these statutes pro-

vide different punishments for exactly the same conduct, and that second degree aggravated motor vehicle theft is a lesser included offense of theft. Thus, he contends that his convictions under both statutes violate his double jeopardy and equal protection rights under the United States and Colorado Constitutions.

Defendant did not raise these issues before the trial court, and, therefore, we will not address them here. *See People v. Veren,* 140 P.3d 131, 140 (Colo.App.2005)(allegation that statute is unconstitutional as applied cannot be decided on appeal if it has not been "fairly presented" to the trial court); *People v. Johnson,* 74 P.3d 349, 356 (Colo.App.2002) (defendant's contention that habitual criminal sentence violated double jeopardy would not be addressed on appeal when not raised before trial court); *People v. McNeely,* 68 P.3d 540, 545 (Colo.App.2002) (same for equal protection claim).

## IV. Habitual Offender Sentence

Defendant argues that the trial court did not have authority to sentence him as a habitual offender for the class six felony of aggravated motor vehicle theft. We agree that this sentence must be reversed, and we remand for resentencing.

When interpreting a statute, we determine, and then give effect to, the legislature's intent. We read words and phrases in statutes according to their plain and ordinary meanings. We must consider the statute as a whole, construing each section in harmony with the entire statutory scheme in order to achieve the legislative purpose. *Wilczynski v. People,* 891 P.2d 998, 1001 (Colo.1995). The habitual criminal statute is to be construed narrowly in favor of the accused. *People v. Nees,* 200 Colo. 392, 396, 615 P.2d 690, 693 (1980).

The purpose of the habitual criminal sentencing provisions in section 18–1.3–801, C.R.S.2008, is "to punish more severely those individuals who show a propensity toward repeated criminal conduct." *People v. District Court,* 711 P.2d 666, 670 (Colo.1985). Sentences imposed under the habitual criminal statute "relate[ ] only to the enhancement

of punishment of the felony for which [a defendant] is currently charged and convicted." *People v. Thomas,* 189 Colo. 490, 496, 542 P.2d 387, 391 (1975).

In this case, defendant was found guilty of theft, a class four felony, and was found to have two prior felony convictions within the past ten years. The trial court thus relied on section 18–1.3–801(1.5), which states:

Every person convicted in this state of any class 1, 2, 3, 4, or 5 felony who, within ten years of the date of the commission of the said offense, has been twice previously convicted upon charges separately brought and tried, and arising out of separate and distinct criminal episodes, either in this state or elsewhere, of a felony or, under the laws of any other state, the United States, or any territory subject to the jurisdiction of the United States, of a crime which, if committed within this state, would be a felony shall be adjudged an habitual criminal and shall be punished for the felony offense of which such person is convicted by imprisonment in the department of corrections for a term of three times the maximum of the presumptive range pursuant to section 18–1.3–401 for the class of felony of which such person is convicted.

As required by this section, the trial court properly sentenced defendant to eighteen years for his class four felony theft conviction—three times the maximum presumptive range sentence for a class four felony.

However, the court also applied this section to defendant's sentence for his class six felony conviction for aggravated motor vehicle theft. Section 18–1.3–401(1)(a)(V)(A) provides that the maximum sentence for a class six felony is eighteen months. Here, the trial court sentenced defendant to four and one-half years.

We conclude that the trial court erred by applying section 18–1.3–801(1.5) to defendant's class six felony conviction. The plain language of the statute requires enhanced sentencing for "[e]very person convicted in this state of any *class 1, 2, 3, 4, or 5 felony* " with two prior convictions. § 18–1.3–801(1.5)

(emphasis added). Because second degree aggravated motor vehicle theft is a class six felony, it does not fall within the purview of this section.

The prosecution argues that the trial court properly sentenced defendant as a habitual criminal under his class six felony conviction because his class four felony conviction "triggered" the application of habitual sentencing requirements to both convictions for two reasons. We disagree for two reasons. First, the prosecution does not cite any authority on point to support this proposition, and we have not found any.

Second, the prosecution's reading is inconsistent with the express language of section 18–1.3–801(1.5). As indicated above, this statute limits its scope to persons convicted of any class 1, 2, 3, 4, or 5 felony. In contrast, section 18–1.3–801(2), C.R.S.2008, which pertains to defendants with three previous felony convictions, applies when a person is subsequently convicted of "any felony." This difference indicates that the legislature made a conscious choice in these two sections to differentiate between the kinds of felonies to which habitual criminal sentences will attach.

## V. Proportionality Review

Defendant argues that the trial court erred by declining to conduct an extended proportionality review of his sentences, instead conducting only an abbreviated proportionality review. We disagree.

We note that because we have previously determined that defendant is not subject to a habitual criminal sentence for the class six felony of aggravated motor vehicle theft, we will only address this issue as it affects defendant's habitual criminal sentence for felony theft.

### A. General Principles

■ Whether a sentence is constitutionally proportionate is a question of law, and we review a trial court's rulings de novo. *People v. Medina,* 926 P.2d 149, 150 (Colo. App.1996). A defendant is entitled to an abbreviated proportionality review of his or her sentence under the habitual criminal

statute. *People v. Deroulet,* 48 P.3d 520, 521 (Colo.2002). "[A]n abbreviated proportionality review consists of a comparison of two sub-parts, the gravity of the offense and the harshness of the penalty, to discern whether an inference of gross disproportionality is raised." *Id.* at 527. "[I]n almost every case, the abbreviated proportionality review will result in a finding that the sentence is constitutionally proportionate, thereby preserving the primacy of the General Assembly in crafting sentencing schemes." *Id.* at 526.

■ When conducting an abbreviated proportionality review under the habitual criminal statute, a reviewing court must scrutinize the offenses in question to determine

"whether in combination they are so lacking in gravity or seriousness" so as to suggest that the [habitual criminal] sentence is grossly disproportionate. Because the defendant has already been sentenced, and presumably served such sentences, for the underlying crimes upon which the habitual criminal adjudication rests, it is proper for a reviewing court to assess the gravity or seriousness of the triggering crime together with the gravity or seriousness of the underlying crimes when determining whether a sentence under the habitual criminal statute is unconstitutionally disproportionate.

*Id.* at 524–25 (quoting in part *People v. Gaskins,* 825 P.2d 30, 36 (Colo.1992)) (citations omitted).

■ A court determines whether a crime is grave or serious "by considering the harm caused or threatened to the victim or to society and the culpability of the offender." *Id.* at 524. In evaluating the harm caused or threatened,

relevant considerations include whether the crime involves violence, and the absolute magnitude of the crime (*e.g.,* theft of a large amount usually can be viewed as more serious than theft of a small amount, other circumstances being the same). In general, a lesser-included offense is not as serious as the greater-inclusive offense, an attempt is less serious than a completed crime, and an accessory after the fact should not be subject to a higher penalty

than the principal. In evaluating the culpability of the offender, South Dakota's criminal statutes, for example, created a descending scale of culpability, ranking acts as malicious, intentional, knowing, reckless, or negligent. Motive is also relevant.

*Gaskins,* 825 P.2d at 36–37 (citations omitted).

"When the sentence does not raise an inference of gross disproportionality, it may stand. If, and only if, an inference of gross disproportionality is raised, must the 'abbreviated' proportionality review be followed by an 'extended' proportionality review." *McNeely,* 68 P.3d at 545.

A trial court has discretion to control the "character and scope of the evidence that is presented concerning constitutional proportionality." *Gaskins,* 825 P.2d at 38 n. 13. In some cases, a court "may need to examine the facts underlying the offenses in question in order to assess the harm caused or threatened to the victim or society and the culpability of the offender." *Id.* at 38.

When a defendant challenges the proportionality of his or her sentence on appeal, an appellate court may conduct an abbreviated proportionality review. *Deroulet,* 48 P.3d at 524; *Gaskins,* 825 P.2d at 37–38. "In deciding whether to remand, ... an appellate court should first consider the inherent gravity of the offenses and determine whether an abbreviated proportionality review is appropriate." *Gaskins,* 825 P.2d at 38. Only when an extended proportionality review is required must an appellate court remand. *Deroulet,* 48 P.3d at 524; *Gaskins,* 825 P.2d at 38.

## B. Trial Court's Ruling

In deciding that the habitual criminal sentence was not grossly disproportionate, the trial court concluded:

The Court does feel that it is appropriate to also use the presentence report that was prepared by order of Court. Included in that presentence report is a psychosexual evaluation, which is also required by law, passed by our legislature.

And so the Court feels that it would ... not [be] doing its ... duty if the Court were to simply ignore the presentence report and psychosexual evaluation that the Court is required to order.

The presentence report indicates ... as many as nine prior felony convictions, [and] that the psychosexual evaluation had to be ordered pursuant to mandatory statutory authority.

The Court notes that many of these convictions are beyond the 10–year period that [is] required to be proven by the People for habitual criminal charges. And for the Court to simply ignore what the defendant has done prior to the period of time that's alleged in the habitual criminal charges, this Court feels, would not be consistent with its responsibilities in determining an appropriate sentence....

The priors are for very similar offenses in many cases, but do not include a prior beyond the 10–year period that would certainly, by any Court, be classified as a serious offense....

The Court ... wants to be very clear ... that the Court has used the information prepared by the probation department in determining whether or not the sentence is grossly disproportionate, and the Court is going to find that it is not.

## C. Analysis

In reaching its assessment that the habitual criminal sentence for the theft conviction (the present offense) was not grossly disproportionate, the trial court made clear it was considering factors from the probation report that were not connected to the two prior convictions it found to exist (the predicate offenses). Defendant contends that this consideration was error, because the proper analysis involves assessing "the gravity or seriousness of the [present offense] together with the gravity or seriousness of the [predicate offenses]." *See Deroulet,* 48 P.3d at 525.

United States Supreme Court authority indicates that defendant's position may not be supported by the law. *See Ewing v. California,* 538 U.S. 11, 29–30, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003)(plurality opin-

ion)(upholding constitutionality of California's "three-strikes" law, and stating that the defendant's "sentence is justified by the State's public-safety interest in incapacitating and deterring recidivist felons, and amply supported by his own long, serious criminal record").

 However, we need not address defendant's argument because, after conducting our own proportionality review without reference to information about defendant that is not directly connected to the present and predicate offenses, we reach the same conclusion as the trial court. *See Gaskins,* 825 P.2d at 37–38. Based upon our evaluation of the information in the record concerning the present offense and the predicate offenses, we conclude that, in combination, they were sufficiently grave and serious to support the 18–year habitual criminal sentence. *See id.*

Here, one of the predicate offenses was based on defendant's guilty plea to the felony of stealing an automobile in Missouri in 1998. The second predicate offense was based on a guilty plea to the felony of larceny of an automobile, which arose out of a single criminal episode occurring in Idaho and Wyoming in 2004.

The trial court stated that the Missouri theft conviction was not per se grave or serious. *See Deroulet,* 48 P.3d at 524 (per se grave and serious crimes include aggravated robbery, robbery, burglary, accessory to first degree murder, and narcotics-related offenses). However, these three convictions represent a pattern of stealing cars that extended over eight years. The pattern indicates that the crimes were planned and intentional, arising out of a motive to obtain the property of others illegally. Automobile theft is a significant offense. *See Ewing,* 538 U.S. at 28, 123 S.Ct. 1179 ("[T]he Supreme Court of California has noted the 'seriousness' of grand theft in the context of proportionality review.").

Therefore, even assuming, without deciding, that the present offense and the two predicate offenses were not individually grave or serious, we conclude that, in combination, they were sufficiently grave and serious to support a conclusion that defendant's 18–year sentence was not extreme and gross-

ly disproportionate to defendant's crimes. *See Deroulet,* 48 P.3d at 527; *Close v. People,* 48 P.3d 528, 536 (Colo.2002); *People v. Penrod,* 892 P.2d 383, 387 (Colo.App.1994) (class four felony conviction for aggravated motor vehicle theft "may not be characterized as lacking in gravity").

The judgment of conviction is affirmed. The habitual criminal sentence for theft is affirmed. The habitual criminal sentence for second degree aggravated motor vehicle theft is reversed, and the case is remanded to the trial court for resentencing on that conviction.

Judge DAILEY and Judge J. JONES concur.