24CA0266 Peo v Klein 04-16-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0266
Arapahoe County District Court No. 88CR1352
Honorable Jacob Edson, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Bret Steven Klein,

Defendant-Appellant.

---

ORDER AFFIRMED

Division II
Opinion by JUDGE KUHN
Fox and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 16, 2026

---

Philip J. Weiser, Attorney General, Jessica E. Ross, Senior Assistant Attorney General & Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Julia Chamberlin, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Bret Steven Klein, appeals the district court's order denying his postconviction motion for a proportionality review. We affirm.

## I.    Background

¶ 2    Following a 1989 jury trial, Klein was convicted of five counts of second degree kidnapping, three counts of aggravated robbery, two counts of first degree burglary, ten related crime of violence counts, and four habitual criminal counts. He received a cumulative 400-year prison sentence based on ten consecutive forty-year terms. His convictions were affirmed on direct appeal. *See People v. Klein,* (Colo. App. No. 90CA0613, Oct. 1, 1992) (not published pursuant to C.A.R. 35(f)).

¶ 3    In 1994, Klein moved for postconviction relief under Crim. P. 35(c). As relevant here, he sought a proportionality review of his habitual criminal sentences. After an evidentiary hearing and a proportionality analysis, the district court denied Klein's motion, and a division of this court affirmed the ruling. *People v. Klein,* slip op. at 1, 37 (Colo. App. No. 04CA1960, Aug. 10, 2006) (not published pursuant to C.A.R. 35(f)). In doing so, the division conducted an abbreviated proportionality review and concluded

that (1) the triggering offenses giving rise to Klein's ten consecutive sentences were grave and serious; (2) three of his four predicate felony convictions for second degree burglary and attempted escape were also grave and serious; and (3) accordingly, the triggering and predicate offenses, considered together, did not suggest gross disproportionality or warrant an extended proportionality review. *Id.* at 28-35 (substantially relying on *Close v. People*, 48 P.3d 528, 538-39 (Colo. 2002), *abrogated by Wells-Yates v. People*, 2019 CO 90M, ¶¶ 16-17, and *People v. Deroulet*, 48 P.3d 520, 524 (Colo. 2002), *abrogated by Wells-Yates*, ¶¶ 16-17).

¶ 4     In 2023, Klein once again collaterally attacked his sentences. In connection with that attack, he sought an additional proportionality review, arguing that (1) under the standards detailed in *Wells-Yates*, his predicate offenses were no longer grave or serious and (2) his sentences were grossly disproportionate. *See People v. Session*, 2020 COA 158, ¶ 46 (concluding that in the wake of *Wells-Yates*, second degree burglary is not grave and serious in every factual scenario); *see also* § 18-1.3-801(5), C.R.S. 2025 (limiting the circumstances in which attempted escape can be used

to adjudicate someone a habitual criminal).[1]  He further argued that the principles discussed in *Wells-Yates* should apply retroactively to his sentences because *Wells-Yates* established new substantive rules.  The district court summarily denied the motion.

## II.    Analysis

¶ 5      On appeal, Klein contends that he is entitled to a new proportionality review because *Wells-Yates* announced new substantive rules.  Reviewing de novo the denial of his Rule 35(c) motion without a hearing, *see People v. Marquez*, 2020 COA 170M, ¶ 17, we agree with the district court that Klein's claim does not merit postconviction relief.

¶ 6      Klein's claim that his sentences were grossly disproportionate to his crimes is a challenge to the constitutionality of his sentences — a claim that arises under Rule 35(c).  *See Lucero v. People*, 2017 CO 49, ¶ 26.  Rule 35(c) claims that were raised and resolved in a prior appeal — like this one — must be denied, except, as relevant here, "any claim based on a new rule of constitutional law that was

---

[1] He also claimed that his sentences were illegal because none of his predicate offenses would support a habitual adjudication, but he abandoned that claim on appeal.

previously unavailable, if that rule has been applied retroactively by the United States Supreme Court or Colorado appellate courts." Crim. P. 35(c)(3)(VI)(b). But while this appeal was pending, our supreme court decided that *Wells-Yates* announced no new rules eligible for this exception, concluding that "*Wells-Yates*'s holdings don't apply retroactively to cases on collateral review, and [the defendant] isn't entitled to a second proportionality review of his habitual criminal sentence." *McDonald v. People*, 2024 CO 75, ¶ 34.

¶ 7      Because Klein's claim that his sentences were grossly disproportionate was raised and resolved in a prior appeal, and *McDonald* forecloses his argument that an exception applies to the procedural bar on such claims, we conclude that Rule 35(c)(3)(VI) bars his claim as successive.

¶ 8      On appeal, Klein urges us to conclude that *McDonald* was wrongly decided because it runs afoul of *Montgomery v. Louisiana*, 577 U.S. 190 (2016). We cannot do so. It's true that we are bound by the decisions of the United States Supreme Court on questions of federal law. *People v. Washington*, 2014 COA 41, ¶ 26; *Brotman v. E. Lake Creek Ranch, L.L.P.*, 31 P.3d 886, 890 (Colo. 2001). Likewise, we are bound by decisions of the Colorado Supreme

Court, and we are not free to depart from its precedents. *See, e.g., People v. Melendez*, 2024 COA 21M, ¶ 19. In *McDonald*, the Colorado Supreme Court explicitly considered and distinguished *Montgomery* when deciding that the new rules announced in *Wells-Yates* — its own prior case — were procedural, not substantive, and do not retroactively apply to postconviction cases. *See McDonald*, ¶¶ 33-34. We are bound by that decision.

## III. Disposition

¶ 9    The order is affirmed.

JUDGE FOX and JUDGE SULLIVAN concur.